**E-FILED**
Friday, 01 August, 2008  03:08:59 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

Greg Simmons,                          )
                                       )
    Plaintiff,                     )
                                       )
          v.            )    No.  08-CV-1068
                                       )
Timothy Gillespie,                     )
Chief of Police,                       )
                                       )
    Defendant.                     )

### REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This case is before the Court for a Report and Recommendation on Defendant's motion to dismiss Plaintiff's Complaint for failure to state a claim (d/e 4).  For the reasons below, the Court recommends that the motion be granted only insofar as Defendant seeks dismissal of Plaintiff's state law claims for damages.

### Standard

To state a claim under federal notice pleading standards, all the Complaint must do is set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of

what the . . . claim is and the grounds upon which it rests.'" <u>EEOC v.</u>
<u>Concentra Health Serv., Inc.</u>, 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting*
<u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964 (2007)(other citation
omitted).  However, the plaintiff's "' . . . allegations, [must] show that it is
plausible, rather than merely speculative, that he is entitled to relief.'"
<u>Tamayo v. Blagojevich</u>, 526 F.3d 1074, 1083 (7th Cir. 2008)(quoted and
other citations omitted).

## Allegations

In March 2006, Plaintiff was a police officer with the Pekin police
department.  On March 27, 2006, Defendant, in his capacity as Chief of
Police, issued a personnel memorandum prohibiting Plaintiff "'from
possessing or carrying firearms without prior authorization from the Chief of
Police.'"  (Complaint, paras. 10-11).  "When informed of the prohibition,
Plaintiff was also informed that the Department was aware he liked to
hunt."  (Complaint, para. 12).  Plaintiff then asked Defendant whether the
prohibition included personal weapons, and "was informed that the
personnel memorandum meant what it said."  (Complaint, para. 13).
Defendant had sought to discipline Plaintiff on two prior occasions for
insubordination, so, for fear of more disciplinary action, Plaintiff has not

hunted or otherwise used his firearms since the memo issued.  (Complaint para. 18).  Plaintiff received no due process before the memo issued. (Complaint, para. 17).

In February 2008, Plaintiff filed this case in the Circuit Court of Tazewell County, seeking damages and "an injunction which restores his liberty as a citizen of the State of Illinois."  (Complaint, para. 20).  Plaintiff asserts that he has a liberty interest in keeping and bearing arms, which arises from art. I, section 22 of the Illinois Constitution and is protected by the due process clauses of the Illinois and U.S. Constitutions.  (Complaint para. 9).  Defendant removed the case to federal court and filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the motion presently before the Court.

## Analysis

### I.  Federal Claims

#### A.  Second Amendment

Recently a divided Supreme Court held, as a matter of first impression, that the Second Amendment does protect an individual's right to keep and bear arms, though the right is "not unlimited . . . ."  District of Columbia v. Heller, 128 S.Ct. 2783, 2816 (2008)(Justices Stevenson,

Souter, Ginsburg, and Breyer, dissenting) .  Heller  struck down a District of

Columbia law that effectively banned handguns "held and used for self-

defense in the home."  128 S.Ct. At 2822.  The majority concluded that

there was "no doubt, on the basis of both text and history, that the Second

Amendment conferred an individual right to keep and bear arms.  Of

course the right was not unlimited, just as the First Amendment's right of

free speech was not . . . ."  128 S.Ct. at 2799.   Thus, Defendant's cited

precedent otherwise is no longer correct.

Under notice pleading standards and Heller, Plaintiff states a possible

claim that Defendant is violating his Second Amendment rights.  Plaintiff

essentially alleges that Defendant has prohibited him, as a condition of his

employment, from all private, lawful possession and use of firearms.[1]

Further factual development and thorough briefing will be necessary to

define the contours of Plaintiff's Second Amendment rights in this particular

case, if any.

---

[1]Whether Defendant's memo actually reaches this far cannot be determined. The memo is not in the record.  The Court wonders about ripeness and whether Plaintiff's interpretation of the memo is sufficient to satisfy the standards for injunctive relief, but those issues cannot be decided on these pleadings.  For purposes of this Recommendation, the Court accepts as true that Plaintiff would be disciplined for any possession or carrying of firearms, even personal firearms for lawful uses.

Plaintiff does not pursue a Second Amendment claim in his Complaint, which is understandable since there was no possibility of such a claim before <u>Heller</u>.  The Court believes it is appropriate, in light of <u>Heller</u>'s recent ruling, to construe the Complaint as encompassing a Second Amendment claim instead of requiring Plaintiff to file an amended Complaint.

### B.  Fourteenth Amendment[2]: Procedural Due Process

Plaintiff maintains that he has a liberty interest in keeping and bearing arms that is created by art. I, section 22 of the Illinois Constitution and that is protected by the procedural due process clause of Fourteenth Amendment to the United States.  (d/e 7, p.1).[3]

The Fourteenth Amendment to the U. S. Constitution prohibits the deprivation of liberty or property without due process of law.[4]  <u>Cleveland Bd. of Educ. v. Loudermill</u>, 470 U.S. 532, 541 (1985).  State laws, including

---

[2]The Fifth Amendment due process clause is not applicable here because there is no federal defendant.  <u>Estate of Conner by Conner v. Ambrose</u> 990 F.Supp. 606, 614-15 (N.D.Ind.,1997).

[3]The Court does not know if Plaintiff will continue to pursue this theory of relief in light of <u>Heller</u>.

[4]The Court does not decide if the interest at stake is a property interest or a liberty interest.

a State's Constitution, may create liberty or property interests that are

protected by the procedural due process clause of the U.S. Constitution,

but not automatically so.  Thielman v. Leean, 282 F.3d 478, 480 (7th

Cir.2002)("Liberty interests can arise from two sources: the Federal

Constitution or state law.")(*citing* Shango v. Zurich, 681 F.2d 1091, 1097

(7th Cir.1982); Thompson v. Veach, 501 F.3d 832 (7th Cir. 2007)

(discussing cases addressing whether state law creates a protected liberty

interest in parole).

     Article I, § 22 of the Illinois Constitution states:

> Subject only to the police power, the right of the individual
> citizen to keep and bear arms shall not be infringed.

     Defendant does not engage in any analysis of whether this language

creates a liberty interest protected by the Fourteenth Amendment in this

situation, where Defendant's actions are arguably not the kind of "police

power" envisioned by § 22.  Defendant argues only that "a plaintiff may not

bring a section 1983 claim pursuant to state law," which is beside the point.

(d/e 5, p. 5).  The cases cited by the parties do not answer the question.

Those cases involve the validity of municipal gun control laws and do not

address whether art. I, § 22 of the Illinois Constitution creates an interest

protected by federal procedural due process.  *See*  Sklar v. Byrne, 727

F.2d 633 (7th Cir. 1984)(upholding city ordinance on registration of handguns under equal protection clause); <u>Quilici v. Village of Morton Grove</u>, 695 F.2d 261 (7th Cir. 1982)(village's ordinance banning handguns did not violate art. 1 § 22 of the Illinois Constitution or the Second or Ninth Amendment); <u>Kalodimos v. Village of Morton Grove</u>, 103 Ill.2d 483 (1984)(village ordinance barring handguns did not violate section 22 of the Illinois Constitution or due process or equal protection).  The Illinois Supreme Court in <u>Kalodimos</u> did discuss due process, but only as it related to the rationality of a municipal ordinance, not in terms of procedural due process (i.e., notice and an opportunity to be heard).  103 Ill. 2d at 509-10 ("Under the rational-basis test, which is the appropriate level of scrutiny when no fundamental right is involved, the relevant inquiry for purposes of due process and equal protection is whether the . . . . ordinance bears a rational relationship to a legitimate governmental interest . . . .").

In short, neither the briefs nor the Court's own research has revealed a case sufficiently analogous to be helpful.  At this point, the Court cannot confidently rule out a federal procedural due process claim given the undeveloped factual record and arguments, the apparent dearth of case law, and <u>Heller</u>.  In any event, Plaintiff's procedural due process claim is

simply a different federal constitutional theory of relief based on the same set of facts. Determining whether it is a viable theory at this point is unnecessary and, in the Court's opinion, premature.

## C. Qualified Immunity

Defendant seeks qualified immunity.

Defendant is not liable for money damages for violating Plaintiff's federal constitutional rights, unless those rights were "clearly established . . . [and] then known to a reasonable officer." Saffell v. Crews, 183 F.3d 655, 658 (7th Cir. 1999), *citing* Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

"When confronted with a claim of qualified immunity, a court must ask first the following question: 'Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?'" Brosseau v. Haugen, 125 S.Ct. 596, 598 (2004), *quoting* Saucier v. Katz, 533 U.S. 194, 201 (2001)[5]. If the answer is "yes," a court proceeds to the second question: whether that constitutional right was clearly established. Saucier, 533 U.S. at 201. "'[T]he right the official is alleged to have violated must have been "clearly established" in a more particularized, and hence more relevant, sense: The contours of the right

---

[5]In Pearson v. Callahan,128 S.Ct. 1702 (March 24, 2008), the Supreme Court directed the parties to address whether Saucier should be overruled.

must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" <u>Saucier</u>, 533 U.S. at 202 (2001)(quoted cite omitted).[6]

It is tempting to jump straight to the second step, for it is obvious that, even if Plaintiff's Second Amendment and procedural due process rights were violated, those rights were not clearly established.  Before <u>Heller</u>, Defendant's actions would *not* have violated the Second Amendment. <u>Sklar v. Byrne</u>, 727 F.2d 633, 637 (7th Cir. 1984)("the Second Amendment "regulates only the activities of the federal government–not those of the states or their subdivisions. . . [citation omitted].");  <u>Gillespie v. City of Indianapolis</u>, 185 F.3d 693, 709 (7th Cir. 1999)(". . . we have twice rejected the contention that the right to possess a firearm is a fundamental one."); <u>Quilici v. Village of Morton Grove</u>, 695 F.2d 261, 269-70 (7th Cir. 1982)("Since we hold that the second amendment does not apply to the states, we need not consider the scope of its guarantee of the right to bear arms."" . . .[but under controlling Supreme Court precedent]  the right to keep and bear handguns is not guaranteed by the second amendment.")

---

[6]Qualified immunity does not apply to the injunctive relief sought by Plaintiff.  *See* <u>Greenawalt v. Indiana Department of Corrections</u>, 397 F.3d 587, 589 (7th Cir.2005).

(bracketed language added); <u>Manos v. Caira</u>, 162 F.Supp.2d 979, 989 (N.D. Ill. 2001).  As for the procedural due process claim, it rests solely on general propositions rather than any identified analogous case.

However, the Court is not allowed to skip the first step.  <u>Saucier</u>, 533 U.S. at 201.  The Court must therefore "set forth principles" to determine whether Plaintiff's federal constitutional rights were violated.  <u>Id.</u> There are not enough facts alleged to set forth any principles.  For example, the memorandum is not even in the record nor are the factual circumstances under which it issued or Defendant's reasons for the restriction.  The facts as alleged do suggest plausible federal constitutional claims but the allegations are too scant to engage in a qualified immunity analysis.  This is not surprising since determinations of qualified immunity are rarely appropriate on a 12(b)(6) motion.  <u>Alvarado v. Litscher</u>, 267 F.3d 648, 651 (7th Cir. 2001)(". . . a complaint is generally not dismissed under Rule 12(b)(6) on qualified immunity grounds. . .*[citation omitted]*. Because an immunity defense usually depends on the facts of the case, dismissal at the pleading stage is inappropriate . . . .").

Accordingly, the Court will recommend that a final decision on qualified immunity be deferred for thorough development of the facts and

extensive briefing on the law.  Fairley v. Fermaint, 482 F.3d 897, 901-02 (7th Cir. 2007)(rule that interlocutory appeal clock starts to run when the district court conclusively denies a motion on qualified immunity "relieves public officials from any pressure to take what may be premature appeals from orders declining to dismiss complaints.").

## II.  State Constitution Claims

It is not clear, but Plaintiff's Complaint seems to assert state law claims based on art. I, § 22 of the Illinois Constitution and on the due process clause of the Illinois Constitution, art. I, § 2.  (Complaint paras. 9, 16).

However, Plaintiff does not address Defendant's arguments to dismiss those state claims.  In particular, Plaintiff does not address Defendant's argument that the Illinois Tort Immunity Act, specifically 745 ILCS 10/2-201, affords Defendant immunity because he is a public employee serving in a position of determining policy or exercising discretion, and that his personnel memorandum was a discretionary act involving policy decisions.  See Ellis v. City of Chicago, 272 F.Supp.2d 729,735-36 (2003)(City immune under § 10/2-201 for alleged retaliatory discharge of public employee; hiring and firing decisions discretionary

policy decisions). Plaintiff argues only that a state statute cannot bar his claim under 42 U.S.C. § 1983, which is beside the point. (d/e 7, p.3).

Accordingly, Plaintiff has forfeited his state law claim for damages (to the extent he makes any) by failing to respond to Defendant's argument of immunity under 745 ILCS 10/2-201.[7]  *See* Kirksey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1041 (7th Cir.1999) (affirming 12(b)(6) dismissal where plaintiff failed to respond; if judges "are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning.");  Williams v. Doyle, 494 F.Supp.2d 1019, 1023 (W.D. Wis. 2007)(plaintiff forfeited state claims by failing to respond to defendants' arguments to dismiss those claims).

However, this conclusion does not dispose of the state claims to the extent Plaintiff seeks injunctive relief.  745 ILCS 10/2-101 ("Nothing in this Act affects the right to obtain relief other than damages against a local public entity or public employee."); PACE, Suburban Bus Div. of Regional Transp. Authority v. Regional Transp. Authority, 346 Ill.App.3d 125, 143 (2d Dist. 2003)("It is well settled that the Tort Immunity Act applies only to tort

---

[7]The Court need not address Defendant's statute of limitations argument.

actions seeking damages and not to actions seeking injunctive relief.").
Though it is not clear, Plaintiff's request for injunctive relief appears to be
based on the Illinois Constitution as well as the U.S. Constitution.

Defendant argues that Plaintiff states no claim for a violation of art. I
§ 22 of the Illinois Constitution.  Yet, as discussed above, the cases cited
by both parties address municipal gun control ordinances, not a police
chief's power to prohibit an employee from all private lawful possession
and use of firearms.  Defendant does not cite, nor has the Court found, any
case law ruling out the possibility of Plaintiff's claim for injunctive relief
based on art. I, § 22 or the due process clause of the Illinois Constitution,
art. I, § 2.[8]

WHEREFORE, the Court RECOMMENDS that Defendant's Motion to
Dismiss be granted in part and denied in part (d/e 4).  The Court
recommends that Plaintiff's state law claims for damages, to the extent he
pursues any, be dismissed.  The Court recommends that the motion to
dismiss be otherwise denied.

Any objections to this Report and Recommendation must be filed in
writing with the Clerk of the Court within ten working days after service of a

---

[8]The parties do not devote any discussion to the due process provision of the
Illinois Constitution.

copy of this Report and Recommendation. <u>See</u> 28 U.S.C. § 636(b)(1).

Failure to timely object will constitute a waiver of objections on appeal.

<u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986).

See also Local Rule 72.2.

     ENTER:    August 1, 2008

                               *s/ Byron G. Cudmore*

                          _____

                             BYRON G. CUDMORE
                  UNITED STATES MAGISTRATE JUDGE