E-FILED
Thursday, 29 April, 2010  03:40:59 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| GREG SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   08-cv-1068 |
| | ) | |
| TIMOTHY GILLESPIE, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R  &  O P I N I O N

This matter is before the Court on Plaintiff's Petition for Voluntary Dismissal under Rule 41(a)(2) (Doc. 20) and Defendant's Motion for Finding of Settlement and Dismissal with Prejudice (Doc. 21).  In his Complaint, Plaintiff, who was a Pekin police officer, claimed that Defendant, in his capacity as Chief of Police, issued a personnel memorandum prohibiting Plaintiff from possession or carrying firearms without prior authorization; Plaintiff claimed damages under 28 U.S.C. § 1983 and injunctive relief under the Illinois state constitution.[1]   (Doc. 1).   Each party represents to the Court that settlement negotiations have been conducted, and that they wish to discontinue the litigation, but Plaintiff wishes the dismissal to be without prejudice, while Defendant asks that it be granted with prejudice.  For the reasons stated below, Plaintiff's Motion is granted, and Defendant's Motion is denied.

---

[1]    Plaintiff also claimed damages under the Illinois State Constitution, but this claim was dismissed by the Court pursuant to a Report and Recommendation by Magistrate Judge Cudmore.  (Docs. 8 & 9).

Plaintiff asks the Court to grant dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(2).[2]  Rule 41(a)(2) provides:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.[3] Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Defendant opposes Plaintiff's request that the dismissal be without prejudice, and claims that he will be prejudiced by a voluntary dismissal under Rule 41, though he does not specify this prejudice.  (Doc. 22 at 2).  In his Motion, Defendant moves for a finding of settlement and dismissal with prejudice under Rules 7 and 12.  (Doc. 21).  Plaintiff opposes Defendant's Motion, arguing that he wishes the dismissal to be without prejudice in order to avoid the effect of res judicata.[4]

First, the Court notes that Defendant's Motion cannot be granted under Rules 7 and 12, as neither of these rules provides for dismissal of actions, and Defendant does not explain how they may be used to dismiss this matter with

---

[2]     Plaintiff could not rely on Rule 41(a)(1) to dismiss the case, as Defendant has filed an Answer.  (Doc. 10).

[3]     Defendant has not filed a counterclaim.

[4]     Plaintiff appears to be mistaken concerning the res judicata effect of a dismissal without prejudice.  *See Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008) (*citing Rein v. David A. Noyes & Co.*, 665 N.E.2d 1199, 1207 (Ill. 1996)) (voluntary dismissal without prejudice does not reserve right to bring later claim that would be otherwise barred by res judicata).  The Court expresses no opinion as to the res judicata effect of this disposition.
    However, Plaintiff's counsel did appear to be, at least as of December 2008, of the opinion that any claims against Defendant would be barred by the applicable statute of limitations, and that settlement would end "the firearms issue arising from the 3/27/06 PPD order."  (Doc. 21, Ex. 2 at 4).

prejudice.  It rather seems that Defendant seeks the imposition of the "term or condition" of a with-prejudice dismissal, and the imposition of terms and conditions under Rule 41(a)(2) is within the Court's discretion.

In addition, where there is no proof that a settlement agreement has actually been reached, and where Plaintiff disputes that assertion, the Court cannot "find" the existence of a settlement based merely on the fact that settlement documents and checks have been exchanged, though the documents are not signed and the checks not cashed.[5]  Indeed, Plaintiff asserts that he rejected the earlier-tendered settlement check from Defendant.  (Doc. 23 at ¶ 4).  In this case, the Court cannot say a settlement has occurred, or that Plaintiff has accepted the benefit of a settlement such that dismissal without prejudice would be improper.

Finally, Defendant has not specified the prejudice that he will incur if the dismissal is without prejudice.  Courts have discretion under Rule 41(a)(2) to allow voluntary dismissal with or without prejudice.  *Kunz v. DeFelice*, 538 F.3d 667, 677 (7th Cir. 2008) (*citing Tyco Laboratories, Inc. v. Koppers, Co.*, 627 F.2d 54, 56 (7th Cir. 1980)).  "A district court abuses its discretion only if the defendant shows that she will suffer 'plain legal prejudice,'" which is evaluated under four factors: "[t]he

---

[5]     Defendant has attached as an Exhibit to his Motion a copy of a "Full and Final Release of All Claims" that appears to have been faxed from Plaintiff's counsel to Defendant's former counsel on December 12, 2008.  (Doc. 21, Ex. 2).  This "Release" shows markings made by Plaintiff's counsel, and was signed by Plaintiff's counsel, though not by Defendant's counsel.  Though this document was signed by Plaintiff's counsel, it appears to have been signed only with the modifications made by Plaintiff's counsel, which do not appear to have been accepted by Defendant; neither Defendant's, his counsel's, nor Plaintiff's signatures appear.  This is not a sufficient basis on which to find that this matter has been settled, especially as it is more than a year old, and was apparently superseded by an unsigned June 2009 "Full and Final Release."  (Doc. 21, Ex. 1).

defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Id*. at 677-78 (*quoting Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969)); *In re Bridgestone/Firestone, Inc., ATX, ATX II, and Wilderness*, 199 F.R.D. 304, 306 (S.D. Ind. 2001) (*citing Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230, 1233 (7th Cir. 1983) ("the prospect of a second lawsuit on the same facts in state court does not constitute plain legal prejudice"). *See also Woodzicka v. Artifex Ltd.*, 25 F.Supp.2d 930, 935 (E.D. Wis. 1998) (*citing Stern v. Barnett*, 452 F.2d 211 (7th Cir.1971)); 9 FED. PRAC. & PROC. CIV. § 2364 (3d ed.) ("dismissals without prejudice generally should be granted by the district court if no prejudicial effects would result for the opposing party").

Here, as noted, Defendant has not specified the existence of any particular prejudice from a dismissal without prejudice under Rule 41(a)(2). He also does not dispute Plaintiff's assertion that the parties have not expended great effort or expense, does not claim that Plaintiff has created an excessive delay or shown a lack of diligence, and has not filed a motion for summary judgment. Neither party gives a reason for the dismissal, but the Court presumes that Plaintiff has determined that it is not worth further trouble and legal expenses. Indeed, Defendant does not argue that dismissal itself will prejudice him, but only that such dismissal should be with prejudice. In its discretion, the Court determines that

dismissal without prejudice under Rule 41(a)(2) is appropriate, as Defendant has not shown the existence of plain legal prejudice from such a dismissal.[6]

IT IS THEREFORE ORDERED that Plaintiff's Petition for Voluntary Dismissal under Rule 41(a)(2) (Doc. 20) is GRANTED and Defendant's Motion for Finding of Settlement and Dismissal with Prejudice (Doc. 21) is DENIED.  This matter is DISMISSED WITHOUT PREJUDICE.

CASE TERMINATED.


Entered this <u>29th</u> day of April, 2010.



                 s/ Joe B. McDade
                 JOE BILLY McDADE
        United States Senior District Judge

---

[6]      Defendant does not request any other terms or conditions on the dismissal, and the Court does not find that any are necessary in this case.