E-FILED
Friday, 23 July, 2010  01:10:47 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| GREG SIMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No.   08-cv-1068 |
| TIMOTHY GILLESPIE, ) | |
| ) | |
| Defendant. ) | |

# O R D E R  &  O P I N I O N

This matter is before the Court on Defendant's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e).  (Doc. 26).  For the reasons stated below, Defendant's Motion is denied.

On April 29, 2010, the Court granted Plaintiff's Petition for Voluntary Dismissal pursuant to Rule 41(a)(2) and denied Defendant's Motion for Finding of Settlement and Dismissal with Prejudice.[1]  (Doc. 24).  Each party represented to the Court that they had engaged in settlement negotiations, and wished to end the litigation, but Plaintiff requested dismissal without prejudice, while Defendant sought dismissal with prejudice.  The Court held that Defendant's request for a finding of settlement was improper, as there was no indication that a settlement had actually been reached, though one had been discussed.  Further, Defendant did not specify what prejudice he would suffer if the dismissal were granted without

---

[1] In his Motion, Defendant cited to Rules 7 and 12, which, as the Court pointed out, do not provide for the dismissal of actions; the Court therefore construed Defendant's Motion as requesting the imposition of the condition of a with-prejudice dismissal.  (Doc. 24 at 2-3).

prejudice. In the exercise of its discretion, informed by the reasoning of other cases, the Court found that dismissal without prejudice was proper in this situation.

A motion to alter or amend judgment pursuant to Rule 59(e) may only be granted if a movant clearly establishes that the court made a manifest error of law or fact, or presents newly discovered evidence. *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007) (*citing LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)). "However, it is well-settled that a Rule 59(e) motion is not properly utilized 'to advance arguments or theories that could and should have been made before the district court rendered a judgment.'" *Id.* (*quoting LB Credit Corp.*, 49 F.3d at 1267).

In his Motion to Alter or Amend Judgment, Defendant asserts that the Court should change its decision and grant dismissal with prejudice.[2] He presents additional evidence of settlement and argues that he will suffer prejudice in that the Plaintiff could file another lawsuit on the same facts. A dismissal pursuant to Rule 41(a)(2) is presumptively without prejudice, though the Court has the discretion to order a with-prejudice dismissal; in deciding to dismiss without prejudice under Rule 41(a)(2), the Court "abuses its discretion only if the defendant shows that she will suffer 'plain legal prejudice." *Kunz v. DeFelice*, 538 F.3d 667,

---

[2] In the alternative, Defendant requests a condition upon the dismissal without prejudice restricting Plaintiff's ability to refile his lawsuit, "as invited by the Court in its April 29, 2010 Order." (Doc. 26 at 3). The Court made no such "invitation." The Court merely noted that Defendant had not requested any term or condition on the dismissal, except that it be with prejudice, and that the Court did not find any term or condition to be necessary. (Doc. 24 at 5 fn. 6). The Court's decision was intended to be final; it was not an invitation for Defendant to correct the omissions in his original request for dismissal and response to Plaintiff's Motion to Dismiss. As noted above, a Rule 59(e) Motion is not the vehicle by which to make arguments that should have been made before the decision under reconsideration.

677-78 (7th Cir. 2008) (*quoting Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969)).

Defendant's instant Rule 59(e) Motion does nothing to alter the propriety of the Court's initial decision to dismiss without prejudice pursuant to Rule 41(a)(2), both because it fails to show either an error of law or fact, and because is based on evidence and arguments that were or could have been presented to the Court prior to its April 29, 2010 Order & Opinion. As pointed out by Plaintiff, the evidence now offered by Defendant to show that there has been a settlement was available to him at the time of his original Motion for Finding of Settlement and Dismissal with Prejudice. Further, it makes substantially the same showing as did his prior evidence: the parties have discussed settlement, have agreed in principle that $4000 would settle the matter, but have not finalized any settlement documents nor exchanged any money.

In addition, the "prejudice" alleged by Defendant is precisely the type identified by courts (in decisions cited by this Court in its previous Order & Opinion) as being insufficient to require dismissal with prejudice. Defendant states that he will be prejudiced because Plaintiff could file another lawsuit on the same facts. As noted by the Southern District of Indiana in *In re Bridgestone/Firestone, Inc., ATX, ATX II, and Wilderness*, "the prospect of a second lawsuit on the same facts in state court does not constitute plain legal prejudice." 199 F.R.D. 304, 306 (S.D. Ind. 2001) (*citing Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230, 1233 (7th Cir. 1983) ("the prospect of a second lawsuit…is insufficient to justify denying the plaintiff's motion to dismiss")). Hence, Defendant has failed to show either a

3

manifest error of law or fact, or newly discovered evidence, but instead relies on arguments that were or should have been previously made to the Court.

IT IS THEREFORE ORDERED that Defendant's Motion to Alter or Amend Judgment (Doc. 26) is DENIED.

Entered this <u>23rd</u> day of July, 2010.

                                              s/ Joe B. McDade
                                              JOE BILLY McDADE
                                      United States Senior District Judge